

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-19-2007

# Walker v. Beard

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1241

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Walker v. Beard" (2007). *2007 Decisions.* Paper 719.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/719

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-300                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-1241
_____

JEFFREY WALKER,
Appellant

v.

JEFFREY BEARD, Secretary of Corrections;
PENNSYLVANIA DEPARTMENT OF CORRECTIONS

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 05-cv-340J)
District Judge: Honorable Kim R. Gibson

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)
July 12, 2007

Before: MCKEE, FUENTES AND VAN ANTWERPEN, <u>CIRCUIT JUDGES</u>.

(Filed: July 19, 2007)

_____
OPINION
_____

PER CURIAM

    Jeffrey Walker appeals <u>pro</u> <u>se</u> the District Court's order granting the defendants'

motion to dismiss his civil rights action filed pursuant to 42 U.S.C. § 1983. Walker, a

state prisoner, alleged that the defendants, the Pennsylvania Department of Corrections

("the DOC") and its Secretary, retaliated against him for challenging a plan to privatize the prison commissary. In particular, Walker claimed that he was prevented from serving as a representative to the Inmate General Welfare Fund ("IGWF") Committee, precluded from receiving a sales catalog mailed to him, transferred to another prison, and denied prison housing, employment, and pay benefits. Walker sought compensatory and punitive damages, as well as declaratory and injunctive relief.

The case was referred to a Magistrate Judge, who issued a Report recommending that the defendants' motion to dismiss be granted. The Magistrate Judge concluded that the DOC and the Secretary, to the extent he was sued in his official capacity, were immune from suit under the Eleventh Amendment. To the extent that Walker sued the Secretary in his individual capacity, the Magistrate Judge found that the complaint failed to state a claim insofar as Walker sought damages under a respondeat superior theory. Over Walker's objections, the District Court adopted the Report and Recommendation and granted the defendants' motion to dismiss. Walker timely appealed.

Under the Eleventh Amendment, states and state agencies are immune from suit in federal court. See, e.g., Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993). Because the Pennsylvania DOC is a part of the executive department of the Commonwealth of Pennsylvania, it shares in the Commonwealth's Eleventh Amendment immunity. See Lavia v. Pennsylvania Dep't of Corrections, 224 F.3d 190, 195 (3d Cir. 2000). While a state may lose its immunity by Congressional

2

abrogation or by waiver, see id., Congress did not abrogate states' sovereign immunity when it enacted 42 U.S.C. § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989). Moreover, we have previously noted that the Pennsylvania legislature has expressly declined to waive its sovereign immunity by statute. See Lavia, 224 F.3d at 195; see also 42 Pa. Cons. Stat. Ann. § 8521(b). Accordingly, the District Court properly dismissed Walker's claim for damages against the DOC because it is barred by the Eleventh Amendment. Similarly, we note that the Eleventh Amendment also prevented the District Court from granting Walker's request for prospective injunctive relief against the DOC. See Puerto Rico Aqueduct, 506 U.S. at 146 (noting inapplicability of Ex Parte Young exception to state agencies).

State officials sued in their individual capacities are "persons" for purposes of § 1983. See Hafer v. Melo, 502, U.S. 21, 26 (1991). Accordingly, the Eleventh Amendment does not preclude a suit against a state official in his or her individual capacity. It is well settled, however, that liability under § 1983 may not based on the doctrine of respondeat superior. See Durmer v. O'Carroll, 991 F.2d 64, 69 n.14 (3d Cir. 1993). Instead, the plaintiff must show that the official's conduct caused the deprivation of a federally protected right. See Graham, 473 U.S. at 166. More particularly, the plaintiff must allege that the defendant was personally involved in the deprivation. See West v. Atkins, 487 U.S. 42, 48 (1988). Personal involvement can be shown if the supervisor directed the actions of supervisees or actually knew of the actions and

3

acquiesced in them.  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

The Magistrate Judge believed that "none of [Walker's] allegations establish that [the Secretary] was responsible for, or even aware of, his concerns."  R&R, 6.  Walker alleged, however, that he "spoke personally" with the Secretary about his housing status and the DOC's policies concerning the Inmate General Welfare Fund ("IGWF").  See Complaint, ¶¶ 63, 69.  In addition, Walker's conversation with the Secretary was witnessed by another inmate, whose affidavit was attached to Walker's complaint.  See Affidavit of Troy Flanagan, ¶ 7.  Importantly, though, Walker does not allege that the Secretary acquiesced in the alleged retaliation.  Rather, according to the affidavit and the complaint, the Secretary offered to help, stating that he "would look into the matters," and advising Walker that his "single cell" status traveled with him to a new prison and that he should address his complaints to the Superintendent.

In Will v. Michigan Dept. of State Police, the Supreme Court held that "officials acting in their official capacities are [not] 'persons' under § 1983."  491 U.S. 58, 71 & n.10 (1989).  Thus, Walker's claims brought against the Secretary in his official capacity are considered to be against the state itself and are barred by the Eleventh Amendment.  In Ex Parte Young, 209 U.S. 123 (1908), however, the Supreme Court held that suits for injunctive relief against state officials brought to end ongoing violations of federal law are not barred by the Eleventh Amendment.  See MCI Telecommunication Corp. v. Bell Atlantic-Pennsylvania, 271 F.3d 491, 506 (3d Cir. 2001); see also Idaho v. Coeur d'Alene

4

Tribe of Idaho, 521 U.S. 261, 288 (1997) ("The <u>Young</u> doctrine recognizes that if a state official violates federal law, he is stripped of his official or representative character and may be personally liable for his conduct; the State cannot cloak the officer in its sovereign immunity." (O'Connor, J., concurring)). The Eleventh Amendment, therefore, does not preclude Walker from pursuing his claims against the Secretary for prospective injunctive relief. For substantially the reasons provided by the Magistrate Judge, however, we conclude that Walker has failed to demonstrate that he is entitled to injunctive relief. <u>See</u> <u>Klay v. United Healthgroup, Inc.</u>, 376 F.3d 1092, 1097-98 (11th Cir. 2004) ("[I]f the plaintiff's rights have not been violated, he is not entitled to any relief, injunctive or otherwise.").

For the foregoing reasons, the appeal is without legal merit and we shall dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).